Brennan, Circuit Judge, dissenting.
 

 To prevail on an RLUIPA claim of this sort, an inmate must show his religious exercise has been substantially burdened; a lesser burden is insufficient. At issue in this case is whether the financial responsibility placed on inmate Jones to include halal meat in his diet rises to the level of a substantial burden. We do not have enough evidence to make that determination because the district court never reached the issue. Jones's claim should be remanded for the district court to conduct fact-finding as to whether he is indigent or suffers other financial hardship, and whether his religious exercise was substantially burdened.
 

 Our court addressed RLUIPA's "substantial burden" requirement in
 
 Schlemm v. Wall
 
 ,
 
 784 F.3d 362
 
 (7th Cir. 2015), in the wake of
 
 Holt v. Hobbs
 
 , --- U.S. ----,
 
 135 S.Ct. 853
 
 ,
 
 190 L.Ed.2d 747
 
 (2015), and
 
 Burwell v. Hobby Lobby Stores, Inc.
 
 ,
 
 573 U.S. 682
 
 ,
 
 134 S.Ct. 2751
 
 ,
 
 189 L.Ed.2d 675
 
 (2014). There we noted that while
 
 Holt
 
 held that the "substantial burden" requirement was met by a "serious violat[ion] [of] religious beliefs," what "serious" requires remained undefined.
 
 Schlemm
 
 ,
 
 784 F.3d at 364-65
 
 (quoting
 
 Holt
 
 ,
 
 135 S.Ct. at 862
 
 , in turn quoting
 
 Hobby Lobby
 
 ,
 
 134 S.Ct. at
 
 2775 ).
 

 The majority opinion does not grapple with this unresolved question. Its interpretation of "substantial" effectively means that
 
 any
 
 burden on an inmate's religious diet, no matter how slight, violates RLUIPA. While acknowledging that
 
 Holt
 
 and
 
 Hobby Lobby
 
 "involved large fines and significant disciplinary consequences," the majority opinion states that the "pressures of that severity [do not] represent[ ] the floor for finding a substantial burden under RFRA or RLUIPA." Million dollar fines and serious prison disciplinary actions, as in
 
 Hobby Lobby
 
 and
 
 Holt
 
 , might
 not be the floor for a substantial burden. But 42 U.S.C. § 2000cc-1 requires some sort of floor. Congress so provided when it incorporated a relative and proportionate term ("substantial") into the statute. The text of RLUIPA requires courts to assess the severity of the burden placed on an individual inmate, and whether that burden rises to the level of "substantial." Anything less risks rendering the statutory term "substantial" superfluous.
 
 See
 
 ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 174-79 (2012) (discussing the surplusage canon). This evaluation requires a full factual record, which we do not have here.
 

 Other courts have considered two factors to determine whether a burden on an inmate's diet is "substantial": the religious meal options available, and the ability of the religious inmate to obtain them.
 
 See
 

 Abdulhaseeb v. Calbone
 
 ,
 
 600 F.3d 1301
 
 , 1317-18 (10th Cir. 2010) ("First, any ability to purchase is chimerical where a plaintiff is indigent, as is Mr. Abdulhaseeb. Second, ... [because] no Halal vendors have been approved by DOC ... Mr. Abdulhaseeb could not have purchased halal foods even if he had funds.");
 
 see also
 

 Patel v. U.S. Bureau of Prisons
 
 ,
 
 515 F.3d 807
 
 , 814 (8th Cir. 2008) ("[The inmate] only offers his single, vague and unsupported statement about the potential cost, and the record offers no evidence regarding Patel's financial status. ... Patel has not offered sufficient evidence to create a genuine issue of material fact ... [to show he] has been substantially burdened.").
 
 [1]
 

 Compare with
 

 Moussazadeh v. Texas Dept. of Criminal Justice
 
 ,
 
 703 F.3d 781
 
 , 793-94 (5th Cir. 2012) (holding that denying a Jewish inmate free kosher meal trays available to all other Jewish inmates denies the inmate an " 'essential' benefit given to every prisoner").
 
 [2]
 
 This court should adopt a similar standard.
 

 The first inquiry can be assessed by examining the halal (or kosher, or other religious) options available in a prison's cafeteria or commissary. The parties do not dispute Jones has been housed in a prison facility with a vegetarian kosher kitchen and a commissary stocked with halal meat. Indeed, Jones purchased halal meat to supplement his vegetarian kosher meals. This option is available to all inmates in facilities with kosher kitchens. Rather than requesting a generally available benefit, Jones asks to be given for free what other inmates in his prison facility must purchase.
 
 Cf.
 

 Moussazadeh
 
 ,
 
 703 F.3d at 793
 
 ("[D]enial of religiously sufficient food where it is a generally available benefit would constitute a substantial burden on the exercise of religion."). The second inquiry can be resolved by a showing of indigency or other hardship for the particular inmate. For Jones, that remains a genuine question of fact.
 

 The majority opinion states that unless the district court is affirmed, Jones will be forced to "give away his last dime" to obtain halal meat. Were that true, the DOC's policy may very well impose a substantial
 burden on Jones. But because the district court never made any findings of fact on this topic, Jones's financial situation-and the severity of the burden commissary purchases place on him-is an unresolved fact dispute. The DOC submitted evidence tending to impeach Jones's narrative of financial difficulty: for example, Jones regularly purchased halal meat at the prison commissary as recently as nine months before his deposition in this case. The majority opinion notes Jones makes "at most, $8.40 per week at his prison job." Yet Jones continues to make regular commissary purchases of up to sixty dollars a month. This implies Jones has access to funds beyond his prison salary, possibly contributed by friends and family members. The majority opinion examines the conflicting testimony and resolves it in favor of Jones. But the district court never addressed this genuine issue of material fact in its opinion, and as a reviewing court, we are not in a position to do so. Because this remains unresolved, the severity of the burden placed on Jones's religious exercise by the DOC cannot be assessed as "substantial," or as insubstantial. We just do not know.
 

 In addition to the claim's other elements, to recover in this lawsuit Jones should be required to show he is indigent and unable to acquire halal meat on his own. The district court did not hear the necessary evidence on the expenses of prison life and made no finding as to Jones's financial circumstances. Because halal meat options are readily available within the facility where Jones is housed, remand is warranted for further fact-finding on these questions.
 

 For these reasons, I respectfully dissent.
 

 Whether
 
 Patel
 
 will survive post-
 
 Holt
 
 and
 
 Hobby Lobby
 
 is currently on appeal in the Eighth Circuit. For that case's district court opinion,
 
 see
 

 Muhammad v. Wheeler
 
 , No. 5:15-cv-130-KGB/PSH,
 
 2018 WL 1558279
 
 (E.D. Ark. Mar. 30, 2018).
 

 The majority opinion cites
 
 Moussazadeh
 
 for the proposition that "the denial of generally available benefits such as a daily meal is always a substantial burden." But the Fifth Circuit in
 
 Moussazadeh
 
 was careful to distinguish the facts before it, in which a Jewish inmate was denied free kosher cafeteria trays, from those in
 
 Patel
 
 , where kosher and halal food was freely provided in the cafeteria "and satisfied all other Muslims in the prison, [but did not meet the] particularly nuanced version of halal food" preferred by the specific inmate.
 
 Moussazadeh
 
 ,
 
 703 F.3d at 794
 
 . Here, the parties do not dispute that in the DOC cafeteria Jones has access to free, nutritionally adequate, vegetarian kosher trays.